IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2151-BO

| | | |
|---|---|---|
| KRAFTERFER LAWRENCE, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| SARAH REVELL, | ) | |
|     Respondent. | ) | |

Krafterfer Lawrence, a federal inmate, petitions for a writ of habeas pursuant to 28 U.S.C. § 2241. Petitioner was housed at Low Security Correctional Institution - Butner at the time he filed his habeas petition. Respondent filed a motion to dismiss or in the alternative for summary judgment. The motion contends that petitioner's section 2241 claim should be dismissed because petitioner has failed to exhaust his administrative remedies. Petitioner was properly notified of the motion, but petitioner as not responded. The matter is ripe for determination.

Krafterfer Lawrence was sentenced in this district before the Honorable James C. Fox on July 9, 2008. United States of America v. Lawrence, 5:08-CR-29-F, D.E. 20 and 21. He is in the custody of the Bureau of Prisons ("BOP") for the offenses of Possession with Intent to Distribute Cocaine and Heroin, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. Id. Petitioner's projected release date is October 16, 2018, via the projected earning of good conduct time. (Mem. in Supp., Exhibit 1, Declaration of Lynnell Cox ¶ 4). He is currently incarcerated at the Federal Medical Center in Lexington, Kentucky ("FMC Lexington"). http://www.bop.gov/iloc2/InmateFinderServlet?

Transaction=NameSearch&needingMoreList=false&FirstName=krafterfer&Middle=&Last Name=lawrence&Race=U&Sex=U&Age=&x=0&y=0 (last viewed July 12, 2012).

On March 8, 2011, an incident report was filed against petitioner. (Mem. in Supp. of Resp't's Mot. to Dismiss or in the Alter. Mot. for Summ. J., Declaration Cox, ¶ 10). The report charged him with a "Code 108 violation" for the prohibited act of possession, manufacture, or introduction of a hazardous tool, here an iPod Shuffle. (Id. and Attach. 6). It is this incident and the disciplinary infraction incurred which is the issue before the court. Specifically, petitioner asserts due process violations resulting for the disciplinary action, hearing, and resulting loss of good time credit.

Because the court has considered matters outside of the pleadings, the motion shall be considered as one for summary judgment. Fed. R. Civ. P. 12(d). Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A trial court reviewing a summary judgment motion should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. Matsushita, 475 U.S. at 588.

Petitioner has not properly exhausted the administrative remedies available to him through the Bureau of Prisons. Exhaustion is necessary in a writ of habeas corpus. See Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) (holding that proper exhaustion is required in a civil action under the PLRA and in habeas and administrative law); See, e.g., McClung v. Shearin, No. 03-6952, 2004 WL 225093, at *1 (4th Cir. Feb. 6, 2004); Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004); Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001). Exhaustion is excusable only upon a showing of cause and prejudice. McClung, 2004 WL 225093, at *1. Furthermore, where administrative remedies are no longer available due to the prisoner's failure to pursue the remedies, procedural default occurs and § 2241 habeas review is unavailable absent a showing of cause and prejudice. McClung, 2004 WL 225093, at *1; Carmona, 243 F.3d at 630, 634-35; Moscato v. Fed'l Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).

An administrative process was in place within the BOP. See 28 C.F.R. §§ 542.10-542.19 (2006). However, the record does not indicate, and petitioner does not contend, he has fully exhausted his administrative remedies as they pertain to the appeal of this disciplinary infraction. (Mem. in Supp. of Resp't's Mot. to Dismiss or in the Alter. Mot. for Summ. J., Declaration Cox, ¶ 14-16). Therefore, the case has not been exhausted. Petitioner does not address cause and prejudice in his petition. Furthermore, as stated above, he was given proper notice of the pending motion but he did not respond.

Accordingly, respondent's motion for summary judgment is GRANTED without prejudice for failure to exhaust. The Clerk is DIRECTED to close the case.

SO ORDERED, this 13 day of July 2012.

                                    *Terrence Boyle*
                                    TERRENCE W. BOYLE
                                    UNITED STATES DISTRICT JUDGE